DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**BRYAN HOLLAND, et al.,**

                  **Plaintiffs,**

                                       **CIVIL ACTION**

**v.**

                                       **No.   03-2666-CM-DJW**

**GMAC MORTGAGE,**

                  **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court are the following motions:  (1) Plaintiffs' First Motion to Compel Discovery (doc. 37); (2) Plaintiffs' Second Motion to Compel Discovery (doc. 60); and (3) Defendant's Motion to Quash Notices of Deposition, or, Alternatively, for Protective Order (doc. 71).

## I.     Background Information

This action arises out of Defendant's alleged improper servicing and credit reporting relating to Plaintiff Bryan Holland's home mortgage loan.  Plaintiffs assert a cause of action under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 - 2617 ("RESPA").  They also assert common law claims for negligence, defamation of credit, and invasion of privacy.

## II.    Plaintiffs' First Motion to Compel Discovery (doc. 37)

Plaintiffs filed their First Motion to Compel on September 9, 2004.  The following day, Defendant served supplemental responses to the interrogatories and requests for production at issue in the motion.

At the December 20, 2004 status conference, Plaintiffs' counsel informed the Court that all issues in the motion were moot except for issues relating to Defendant's supplemental response to Plaintiffs'

Interrogatory No. 3.c. The Court will therefore limit its discussion to subparagraph "c" of Interrogatory No. 3.

Interrogatory No. 3.c. asks Defendant to state "[t]he amount paid to Corinthian Mortgage Corporation by GMAC Mortgage Corporation for the assignment of the Bryan Holland note and mortgage." Defendant responded as follows in both its initial and supplemental responses:

> GMACM objects to this Interrogatory to the extent that it seeks information more properly held in the possession of Plaintiffs or third parties. GMACM further objects to this Interrogatory as written, in that it assumes facts not in evidence and is based on an improperly phrased premise. . . . GMACM objects to this Interrogatory as overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence to the extent it seeks information unrelated to Plaintiffs' claims against GMACM, i.e., any amount paid Corinthian Mortgage Corporation for the assignment of Mr. Holland's note and mortgage. . . . Subject to and without waiving these objections, GMACM states that Corinthian Mortgage Corporation did not assign Mr. Holland's note and mortgage to GMACM.

At the December 20, 2004 status conference, Defendant reiterated its position that Corinthian Mortgage Company did not assign Bryan Holland's note and mortgage to Defendant, and that Defendant was therefore unable to respond to Interrogatory No. 3.c.

The Court cannot compel a party to answer an interrogatory that is based on an untrue or inaccurate premise. The Court must therefore deny the First Motion to Compel. Each party shall bear his/its own fees and expenses incurred in connection with the motion.

### III. Plaintiffs' Second Motion to Compel Discovery (doc. 60)

Plaintiffs move to compel Defendant to answer Plaintiffs' Second Interrogatories No. 2-6. Based on the parties' briefs and the information provided by the parties at the December 20, 2004 status

2

conference, the Court finds that Plaintiffs have satisfied the duty to confer in connection with this motion. The Court will therefore address the merits of Defendant's objections to these interrogatories.

### A. Defendant's General Objections

Before turning to the specific responses and objections made by Defendant, the Court must address Defendant's "General Objections." Defendant asserted four "General Objections" to each of the Second Interrogatories. It also asserted specific objections to each individual interrogatory. Defendant's General Objections are not discussed by either party in their briefs.

In most circumstances, where a moving party fails to address an objection in its motion to compel, the Court will allow the objection to stand, even though the party asserting the objection fails to address it or re-assert it in its response to the motion to compel.[1] The objection, however, must have some merit on its face before the Court will sustain it.

Here, Defendant's General Objections are meritless on their face. General Objections "A-C" are boilerplate objections and Defendant does not identify the specific interrogatories to which each applies. For example, in General Objection "A," Defendant merely states that it "objects to each and every Interrogatory that seeks information protected from discovery by the attorney-client privilege."

---

[1] *See Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 671 n. 37 (D. Kan. 2004). The party filing the motion to compel has the initial burden to address each objection in its motion to compel. *Id.* By doing so, the moving party brings the objection "into play" and places the burden on the objecting party to support its objection when its responds to the motion to compel. *Id.* If, however, the moving party fails to address a particular objection in its motion to compel, "the objecting party need not raise it, and the objection will stand." *Id.*

General Objection "D" is also meritless on its face because it states that Defendant objects "to each and every Interrogatory *to the extent* that it . . . ." The Court recently explained why it disapproves of such objections:

> This Court has on several occasions disapproved of the practice of asserting a general objection "to the extent" it may apply to particular requests for discovery. This Court has characterized these types of objections as worthless for anything beyond delay of the discovery. Such objections are considered mere hypothetical or contingent possibilities, where the objecting party makes no meaningful effort to show the application of any such theoretical objection to any request for discovery. Thus, this Court has deemed such ostensible objections waived or [has] declined to consider them as objections.[2]

Thus, even though Plaintiffs failed to address General Objections "A-D" in their Motion to Compel, those objections are meritless and will not be allowed to stand. The Court will now turn to the specific objections and responses made by Defendant to the Second Interrogatories at issue.

### B.     Second Interrogatory No. 2

Second Interrogatory No. 2 asks the following: "When did [Defendant] GMACM first receive notice or have reason to know that Plaintiffs disputed the accuracy of the mortgage delinquency . . . ?" Defendant objected to the interrogatory on the basis that the terms "notice" and "dispute" are "vague and undefined." Defendant also objected "to the extent [Plaintiff] Tamara Holland was not obligated under the loan." Defendant then stated: "Subject to and without waiving these objections, GMACM states that it first had information to support Bryan Holland's previously unsupported claims that GMACM's collection attempts were in error when it received the cancelled checks enclosed with the September 16, 2004 letter from Bryan Holland's attorney Charles D. Kugler."

---

[2]*Id.* at 666-67 (internal quotations and citations omitted).

4

The Court overrules Defendant's objection that the terms "notice" and "dispute" are vague and undefined. The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity.[3] Furthermore, the responding party has the duty to "exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories."[4] Giving these terms their ordinary, common meaning, Defendant should have been able to answer this interrogatory. The Court also overrules Defendant's partial objection based on the assertion that Tamara Holland was not obligated under the loan. Even if Ms. Holland was not obligated to repay the loan, she could still "dispute" the delinquency.[5]

Finally, the Court finds Defendant's response "that it first had information to support Bryan Holland's previously unsupported claims that GMACM's collection attempts were in error when it . . ." to be non-responsive to this interrogatory.

In light of the above, the Court will grant the Motion to Compel as to Second Interrogatory No. 2. Defendant shall serve an amended answer within **twenty-one (21) days** of the date of this Order.

C.     **Second Interrogatory No. 3**

Second Interrogatory No. 3 seeks certain information regarding "reports, notices or complaints, excluding formal legal pleadings, received by Defendant in the last five years in which it is claimed that

---

[3]*McCoo v. Denny's, Inc.,* 192 F.R.D. 675, 694 (D. Kan. 2000) (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996)).

[4]*Id.*

[5]According to the Second Amended Complaint, both Plaintiffs reside at the mortgaged property. Second Am. Compl. (doc. 84), ¶¶ 1, 3.

5

Defendant failed to properly credit a mortgage payment or incorrectly charged an item of expense to a mortgage loan account." More specifically, Interrogatory No. 3 asks Defendant to provide (1) the date of the "report, notice or complaint," (2) the nature of the activity complained of, and (3) the identity of the person making the "report, notice or complaint."

Defendant objected to this interrogatory on the basis that the terms "report," "notice," and "complaint" are vague and undefined. The Court does not find that these terms are either vague or ambiguous. Had Defendant given these terms their ordinary, common meaning, Defendant should have been able to answer this interrogatory. The Court therefore overrules Defendant's "vague and undefined" objection.

Defendants also objected to this interrogatory as overly broad and unduly burdensome "to the extent this information is more properly held in the possession of Plaintiffs or third parties." As the party asserting these objections, Defendant has the duty to support them.[6] Defendant does not explain how reports, notices, or complaints that *Defendant* has received would be in the possession of *Plaintiffs*. Nor does Defendant explain how such reports would be in the possession of any third parties, and it does not identify any such third parties. In short, the Court is at a loss to determine how such information would be more likely to be in the possession of Plaintiffs or any third parties. The Court will therefore overrule these unsupported objections.

---

[6]Unless the interrogatory is overly broad or unduly burdensome on its face, the party resisting discovery has the burden to supports its objection. *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 688 (D. Kan. 2004); *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 672 (D. Kan. 2003).

Defendant further objected to this interrogatory as overly broad and unlikely to lead to the discovery of admissible evidence because "it seeks information unrelated to GMACM's handling of [Plaintiff] Bryan Holland's loan." The Court will overrule these objections. Section 6 of RESPA allows prevailing plaintiffs to recover statutory damages where the defendant has engaged in "a pattern or practice of noncompliance" with section 6 of RESPA.[7] Plaintiffs' interrogatory is tailored to seek relevant and admissible information about whether Defendant has engaged in a "pattern or practice" of noncompliance with RESPA.

Defendant also objected to the interrogatory as overly broad because the terms "'report, notice or complaint' can be so broadly interpreted as to include statements during phone conversations, notations on payment coupons, or verification requests by credit reporting agency(ies)." Unless an interrogatory is overly broad on its face, the party resisting discovery has the burden to support its overbreadth objection.[8] The Court does not find this interrogatory overly broad on its face. Thus, Defendant must provide some type of factual or legal support for its objection. Defendant, however, does not do so and fails to explain why these types of notices and complaints would not be likely to lead to the discovery of admissible evidence regarding whether Defendant has engaged in a pattern or practice of non-compliance with RESPA.

---

[7]12 U.S.C. § 2605(f)(1)(A) provides that an individual may recover damages in addition to actual damages "in the case of a *pattern or practice of noncompliance* with [section 6 of RESPA] in an amount not to exceed $1,000." (Emphasis added.)

[8]*Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 672 (D. Kan. 2003); *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 686 (D. Kan. 2000) (citations omitted).

Defendant also objected to the interrogatory as unduly burdensome. In ruling on an undue burden objection, the Court must keep in mind that discovery should be allowed unless the claimed hardship is unreasonable in the light of the benefits to be secured from the discovery.[9] The party asserting this objection must show not only undue burden or expense, but that the burden or expense is *unreasonable* in light of the benefits to be secured from the discovery.[10] The objecting party must do more than assert conclusory allegations that responding would be unduly burdensome;[11] it must give a detailed explanation or provide an affidavit or other evidentiary proof of the time and/or expense involved.[12]

Here, Defendant provides the affidavit of its Litigation Coordinator, Christopher DiCicco.[13] Mr. DiCicco states in his affidavit that Defendant does not categorize or otherwise organize for identification claims that it failed to credit a mortgage payment or incorrectly charged an item of expense to a mortgage loan. He also states that he "understands" that sometimes Defendant's customers "may erroneously allege, solely for the purpose of attempting to avoid GMACM's attempts to collect payment, that GMACM failed to credit a mortgage payment to their account when no payment was ever made."[14]

---

[9] *Hammond,* 216 F.R.D. at 674; *Snowden by and through Victor v. Connaught Labs., Inc.,* 137 F.R.D. 325, 332-33 (D. Kan. 1991).

[10] *Hammond*, 216 F.R.D. at 674.

[11] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 653 (D. Kan. 2004).

[12] *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004); *Sonnino,* 220 F.R.D at 653.

[13] *See* Ex. 3 attached to Def.'s Resp. to Mot. to Compel (doc. 65).

[14] *Id.*, ¶ 8

8

The Court does not find that this affidavit establishes that Defendant would be significantly burdened or that Defendant would incur substantial expense by having to provide the requested information. Nor does the Court find that Defendant has shown that the burden or expense involved is unreasonable in light of the benefit Plaintiffs would derive from this information. As noted above, the requested information is relevant to Plaintiffs' statutory damage claim under which Plaintiffs must demonstrate that Defendant has engaged in a pattern or practice of non-compliance with RESPA. The Court cannot find that Defendant's failure to organize its records in such way as to allow for easy retrieval of this information should excuse Defendant from providing this relevant information.

Furthermore, the Court notes that Rule 33(d) provides Defendant with the option of producing its business records from which this information may be obtained. Pursuant to Rule 33(d), Defendant is allowed to specify the records from which this information may be derived and give Plaintiffs the opportunity to inspect and copy those records.[15] Thus, so long as Defendant complies with the requirements of Rule 33(d), Defendant may shift the burden of compiling this information to Plaintiffs.

In light of the above, the Court will overrule Defendant's undue burden objection. As the Court has overruled all of Defendant's objections to Second Interrogatory No. 3, the Court will grant the Motion to Compel as to this interrogatory. Defendant shall serve an amended answer within **twenty-one (21) days** of the date of this Order.

---

[15] The option to produce business records applies where "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served." Fed. R. Civ. P. 33(d). In such a case, the answering party must specify the records from which the answer may be ascertained. *Id.* The specification must be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party upon whom the interrogatory is served, the records from which the answer may be ascertained.

### D. Second Interrogatory No. 4

Like Second Interrogatory No. 3, Second Interrogatory No. 4 asks for information relating to any claims or allegations that Defendant failed to credit a mortgage payment to the proper account or incorrectly charged an item of expense to a mortgage loan account. Interrogatory No. 4, however, pertains only to "legal actions received by Defendant in the last five years." It asks Defendant to provide for each such action (1) "the styling of the action," (2) the jurisdiction in which the action is filed, (3) the case number, and (4) the current status of the action or claim, i.e., whether pending or concluded, and if concluded, when and how.

Defendant objected to this interrogatory to the extent the term "legal action received by defendant" is vague and undefined. The Court overrules this objection. While the term is rather awkward, when read in the context of the entire interrogatory and the preceding interrogatory, it is clear that the interrogatory is referring to legal actions *filed against Defendant*.

Defendant also objected on the basis that the interrogatory is overly broad and unduly burdensome "to the extent this information is a matter of public record and is as easily accessible to Plaintiffs as GMACM." Defendant provides no legal authority for such an objection. While Rule 33(d) provides the answering party with the option to produce business records, those records must be that party's *own records*. It does not permit the answering party to avoid providing the requested information by pointing to public records from which the information may be obtained.[16]

---

[16]The Court notes that Rule 26(b)(2) allows the Court to limit "[t]he frequency or extent of use of the discovery methods otherwise permitted" by the Federal Rules of Civil Procedure if the Court determines that the discovery sought "is obtainable from some other source that is more convenient, less burdensome, or less expensive." The Court does not find this provision applicable here, as Defendant has
(continued...)

10

Defendant further objected as overly broad and unlikely to lead to the discovery of admissible evidence because it seeks information unrelated to its handling of Plaintiff Bryan Holland's loan. For the same reason set forth above with respect to Second Interrogatory No. 3, the Court overrules this objection.

Finally, Defendant objected to the interrogatory as unduly burdensome. Again, Defendant submits the affidavit of its Litigation Coordinator, Christopher DiCicco, to support its objection.[17] Mr. DiCicco's affidavit indicates that Defendant currently has more than 20,500 lawsuits pending against it and that it does not track or otherwise organize the claims made in the lawsuits filed against it. The affidavit further indicates that Defendant has no method to calculate the number of lawsuits in which it has been involved during the past five years. For the same reasons set forth above with respect to Second Interrogatory No. 3, the Court overrules this objection. Also, the Court notes, again, that Rule 33(d) provides Defendant with the option of producing its business records from which Plaintiffs may obtain this information.

As the Court has overruled all of Defendant's objections to Second Interrogatory No. 4, the Court will grant the Motion to Compel as to this interrogatory. Defendant shall serve an amended answer within **twenty-one (21) days** of the date of this Order.

---

[16](...continued)
not shown that the burden or expense to Plaintiffs to obtain this information from the public records would be any less than the burden or expense to Defendant to provide this information from its own records.

[17]*See* Ex. 3 attached to Def.'s Resp. to Mot. to Compel (doc. 65).

E.        **Second Interrogatory No. 5**

This interrogatory asks whether Defendant received a "qualified written request" from Plaintiff Bryan Holland, and if so, asks Defendants to provide the date the request was received and to "identify each written response, if any, Defendant made to the 'qualified written request.'"

Defendant objected on the basis that the interrogatory is overly broad and unduly burdensome because it is unlimited in time. Defendant also objected "to the extent 'qualified written request' is vague and undefined. It also objected "to the extent any response requires GMACM to render a legal conclusion regarding the classification of any request from Bryan Holland as constituting or not constituting a 'qualified written request.'"

Plaintiffs' Second Amended Complaint alleges that Plaintiff Bryan Holland "made a qualified written request, as defined by RESPA, to the defendant to make appropriate corrections to the account of Bryan Holland."[18] The Second Amended Complaint further alleges that Defendant failed to make the appropriate correction to Holland's account during the time required by RESPA and that Defendant provided information regarding an "erroneous overdue payment" to a consumer reporting agency, as prohibited by RESPA.[19]

The Cranston-Gonzales Amendments to RESPA place requirements on servicers of federally related mortgage loans when they receive a "qualified written request" from a borrower.[20] RESPA requires

---

[18]Second Am. Compl. (doc. 84), ¶ 18.

[19]*Id.*, ¶¶ 19-20.

[20]*Chatman v. Fairbanks Capital Corp.*, No. 02-C-655, 2002 WL 1338492, at *6 (N.D. Ill.
(continued...)

12

that the servicer provide a written response acknowledging the receipt of a qualified written request within twenty days of receiving the request.[21] The servicer must also do one of three things within sixty days of receiving the qualified written request: (1) correct the borrower's account and inform the borrower of those corrections in writing; (2) investigate and provide a written explanation to the borrower of the reasons that the servicer believes the borrower's account is correct; or (3) investigate and provide a written explanation to the borrower of the reasons that the servicer cannot obtain the information that the borrower is requesting.[22] In addition, during that same sixty-day period the servicer "may not provide information regarding an overdue payment relating to the borrower's letter to a consumer reporting agency."[23] RESPA provides for individual causes of action and allows for actual damages, as well as statutory damages when the plaintiff shows a pattern or practice of noncompliance with the duty to respond to borrower inquiries.[24]

RESPA defines the term "qualified written request" as:

[A] written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer that—
> (i) includes, or otherwise enables the servicer to identify, the name and account number of the borrower; and

---

[20](...continued)
June 18, 2002) (citing 12 U.S.C. ¶¶ 2605, *et seq.*).

[21]12 U.S.C. § 2605(e)(1)(A).

[22]*Johnstone v. Bank of Am., N.A.*, 173 F. Supp. 2d 809, 812 (N.D. Ill. 2001) (citing 12 U.S.C. § 2605(e)(2)).

[23]*Id.* at 812-13.

[24]*See* 12 U.S.C. § 2605(f).

>(ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.[25]

As RESPA expressly defines the term "qualified written request," the Court finds Defendant's objection that the term is vague and undefined to be meritless. The Court therefore overrules that objection.

The Court also overrules Defendant's objection that the interrogatory calls for a "legal opinion." The 1970 amendment to Federal Rule of Civil Procedure 33(c) makes it clear that an interrogatory is not objectionable merely because it calls for a legal opinion.[26] Rule 33(c) provides that "[a]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . . ."[27] As the Advisory Committee's Note to the 1970 amendment indicates, "requests for opinions or contentions that call for the application of law to fact . . . can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery."[28] Thus, the only kind of interrogatory that is objectionable as calling for a legal conclusion or opinion "is one that extends to legal issues unrelated to the facts of the case."[29]

---

[25] 23 U.S.C. § 2605(e)(1)(B).

[26] 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2167 at p. 247 (2d ed. 1994).

[27] Fed. R. Civ. P. 33(c).

[28] *Id.*, advisory committee's note to 1970 amendment.

[29] Wright, Miller, & Marcus, *supra* note 19, § 2167 at p. 249.

14

Here, the issue of whether Defendant ever received a "qualified written request" from Plaintiff Bryan Holland is a critical element of Plaintiffs' RESPA violation claim. Defendant's answers to the questions of whether it received such a request, the date it received the request, and how it responded to any such request, would clearly lead to the discovery of relevant and admissible evidence and would narrow and clarify the issues with respect to Plaintiffs' RESPA claim. The Court therefore overrules Defendant's objection that this interrogatory is objectionable because it calls for a legal opinion.

Finally, the Court finds Defendant's objections that the interrogatory is overly broad and unduly burdensome to be meritless. Defendant has produced no factual or legal support for such objections.[30] The Court fails to see how requiring Defendant to provide the requested information relating to one particular borrower would cause Defendant undue burden. Thus, the Court will overrule these objections.

As the Court overrules all of Defendant's objections to Second Interrogatory No. 5, the Court will grant the Motion to Compel as to this interrogatory. Defendant shall serve an amended answer to Second Interrogatory No. 5 within **twenty-one (21) days** of the date of this Order.

### F.    Second Interrogatory No. 6

This interrogatory is similar to Second Interrogatories No. 3 and 4, but asks for information relating to any report, notices, complaints, or legal proceedings in which it was alleged that Defendant incorrectly reported a mortgage loan delinquency to a credit reporting agency. For each such report, notice, or complaint, it asks Defendant to (1) provide the date and the nature of the activity complained of, and (2) identify the person making the report, notice or complaint. In the event a lawsuit resulted, it also asks

---

[30] The affidavit of Defendant's Litigation Coordinator, Christopher DiCicco, does not address the information requested in Second Interrogatory No. 5.

Defendant to provide the styling of the action and its current status, and, if concluded, to state when and how.

Defendant objected to this interrogatory as overly broad and unduly burdensome to the extent that "the information is more properly held in the possession of Plaintiffs or third parties," and to the extent "the information is a matter of public record and is as easily accessible to Plaintiffs as GMACM." For the same reasons set forth with respect to Second Interrogatories No. 3 and 4 the Court overrules these objections.

Defendant also objected to the interrogatory as overly broad and unduly burdensome to the extent, "report, notice or complaint" could be interpreted to include statements made during phone conversations, notations on payment coupons, or verification requests by credit report agencies. The Court overrules these objections for the same reasons it overruled them with respect to Second Interrogatory No. 3.

The Court also overrules Defendant's objection that the interrogatory is unduly burdensome overall. As the Court has ruled with respect to Second Interrogatory Nos. 3 and 4, even taking into account the affidavit of Christopher DiCicco, the Court cannot find that Defendant has shown how providing the requested information imposes an undue burden on Defendant.

Finally, Defendant objected to the extent the interrogatory asks Defendant to state "the *identify* of the person making the report, notice or complaint." It is clear to the Court that this is a typographical error and that Plaintiffs are merely asking Defendant to provide the "identity" of the person.

The Court has overruled all of Defendant's objections to this interrogatory. The Court therefore grants the Motion to Compel as to it. Defendant shall serve an amended response to Second Interrogatory No. 6 within **twenty-one (21) days** of the date of this Order.

G.      **Summary of Ruling as to Defendant's Second Motion to Compel**

The Court has overruled all of Defendant's objections to Second Interrogatories No. 2 - 6, and the Court grants the Second Motion to Compel. Defendant shall filed amended answers to these interrogatories within **twenty-one (21) days** of the date of this Order.

H.      **Sanctions**

The Court will now consider the issues of sanctions even though Plaintiffs do not request sanctions in their motion. Federal Rule of Civil Procedure 37(a)(4) governs the imposition of sanctions in connection with motions to compel. Subsection (a)(4)(A) provides that when a motion to compel is granted, "the court *shall,* after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion including attorney's fees, unless the court finds that . . . the opposing party's . . . response or objection was substantially justified, or that other circumstances make an award of expenses unjust."[31]

Given that the Court has granted the Second Motion to Compel in its entirety, an award of sanctions pursuant to Rule 34(a)(4)(A) may be appropriate here. Before the Court may make any such award, however, Defendant, as the non-moving party, must be afforded the "opportunity to be heard."[32] An actual hearing is not necessary, and the Court may consider the issue of sanctions "on written

---

[31]Fed. R. Civ. P. 37(a)(4)(A) (emphasis added).

[32]*McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000) (citing Fed. R. Civ. P. 37(a)(4)); *Fears v. Wal-Mart Stores, Inc.*, No. 99-2515-JWL, 2000 WL 1679418, at *6 (D. Kan. Oct. 13, 2000).

17

submissions."[33] The "written submission" requirement is met where the moving party requests sanctions in its motion or supporting brief and the opposing party is given the opportunity to submit a brief in response.[34]

As Plaintiffs did not request sanctions in their motion, Defendant has not been given sufficient "opportunity to be heard." The Court will therefore decline to impose sanctions at this time. To satisfy the "written submissions" rule, the Court will direct Defendant and/or its counsel to show cause, in writing, within **thirty (30) days** of the date of this Order, why the Court should not require either or both of them[35] to pay the reasonable expenses and attorney fees incurred by Plaintiffs in bringing the Second Motion to Compel. Plaintiffs shall have **eleven (11) days** thereafter to file a response thereto, if they so choose. In the event the Court determines that sanctions should be imposed, the Court will issue an order setting forth a schedule for the filing of an affidavit reflecting the amount of fees and expenses that Plaintiffs have incurred, and for the filing of any related briefs.

---

[33]*Fears*, 2000 WL 1679418 at *6 (citing Fed. R. Civ. P. 37(a)(4) advisory committee's note to the 1993 Amendment).

[34]*Id.*

[35]To the extent possible, sanctions should be imposed only upon the person or entity responsible for the sanctionable conduct. *McCoo*, 192 F.R.D. at 697. The sanctioning of a party, as opposed to the party's counsel, "requires specific findings that the party was aware of the wrongdoing." *Id.* At present, the Court has no evidence that Defendant itself was responsible for the objections and responses at issue. However, if Defendant or its attorneys wish to provide the Court with any information in this regard, Defendant and/or its counsel may do so in the pleading(s) provided to the Court pursuant to the briefing schedule set forth herein. The Court will defer ruling on this issue until it has received the parties' briefs.

## IV.     Defendant's Motion to Quash Notices of Deposition, or, Alternatively, for Protective Order (doc. 71)

Discovery in this case was set to close on December 3, 2004. On December 2, 2004, Plaintiffs served deposition notices to depose Kari Engelhardt and the employee of Defendant who participated in an April 23, 2001 telephone call with Plaintiff Bryan Holland. The depositions were to take place on December 10, 2004. Defendant filed the instant motion to quash on December 8, arguing that the depositions should not go forward because the discovery period had closed.

At the December 20, 2004 status conference, the Court granted Plaintiffs' Motion for Extension of Time to Complete Discovery and Amend the Scheduling Order (doc. 62).[36] The Court indicated that it would extend discovery and would enter an amended Scheduling Order containing a new deadline for completing discovery after it had reviewed the briefing on the Motion to Amend Complaint and Plaintiffs' Motions to Compel.

In light of the above, the Court finds Defendant's Motion to be moot. It will therefore be denied as such. The Court will contact counsel in the near future to set this case for a telephone scheduling conference, at which time the Court will enter an amended Scheduling Order.

**IT IS THEREFORE ORDERED** that Plaintiffs' First Motion to Compel Discovery (doc. 37) is denied. Each party shall bear his/its own fees and expenses incurred in connection with the motion.

**IT IS FURTHER ORDERED** that Plaintiffs' Second Motion to Compel Discovery (doc. 60) is granted. Defendant shall serve its amended answers to Second Interrogatories No. 2-6 within **twenty-one (21) days** of the date of filing of this Order, as set forth herein.

---

[36]*See* Dec. 21, 2004 Order (doc. 78).

**IT IS FURTHER ORDERED** that Defendant and/or its counsel shall show cause, in writing, within **thirty (30) days** of the date of filing of this Order, why the Court should not require either or both of them to pay the reasonable expenses and attorney fees incurred by Plaintiffs in making the Motion to Compel.

**IT IS FURTHER ORDERED** that Defendant's Motion to Quash Notices of Deposition, or, Alternatively, for Protective Order (doc. 71) is denied as moot.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 7th day of March 2005.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties