DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**BRYAN HOLLAND, et al.,**

                **Plaintiffs,**

                                            **CIVIL ACTION**

**v.**

                                            **No. 03-2666-CM-DJW**

**GMAC MORTGAGE,**

                **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for Reconsideration (doc. 89), which seeks reconsideration of the Court's March 7, 2005 Memorandum and Order (doc. 88) granting Plaintiffs' Second Motion to Compel Discovery (doc. 60). The Court compelled Defendant to fully respond to Plaintiffs' Second Interrogatories No. 2-6.

For the reasons set forth below, the Court finds the Motion for Reconsideration moot as to Second Interrogatories No. 2, 3, 4, and 6. The Court denies the Motion for Reconsideration as to Second Interrogatory No. 5.

**I.     Background Information**

This action arises out of Defendant's alleged improper servicing and credit reporting relating to Plaintiff Bryan Holland's home mortgage loan. Plaintiff Tamara Holland resides with Mr. Holland at the mortgaged residence. Bryan Holland asserts a cause of action under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 - 2617 ("RESPA") and a common law claim for defamation of credit. In addition, both Plaintiffs assert a claim for invasion of privacy.

## II. Standard for Ruling on a Motion for Reconsideration

Pursuant to D. Kan. Rule 7.3, motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[1] The decision whether to grant a motion to reconsider is committed to the court's sound discretion.[2]

It is well settled that a motion to reconsider is not a second chance for the losing party to ask the Court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally.[3] Nor is a motion to reconsider to be used as "a second chance when a party has failed to present its strongest case in the first instance."[4] Reconsideration may, however, be appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[5]

## III. Analysis

### A. Plaintiffs' Second Interrogatory No. 2

The parties have advised the Court that its ruling as to Second Interrogatory No. 2 is no longer at issue, in that Defendant has supplemented its response to that interrogatory and Plaintiffs' counsel has

---

[1] D. Kan. Rule 7.3. The Tenth Circuit has adopted the same standard. *See, e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

[2] *Brumark,* 57 F.3d at 944; *Hancock v. City of Okla. City,* 857 F.2d 1394, 1395 (10th Cir. 1988).

[3] *Servants*, 204 F.3d at 1012; *Sonnino v. Univ. of Kan. Hosp. Authority*, 221 F.R.D. 661, 664 (D. Kan. 2004).

[4] *Sonnino,* 221 F.R.D. at 664 (citations omitted).

[5] *Servants,* 204 F.3d at 1012; *Sonnino*, 221 F.R.D. at 664.

agreed that Defendant's supplementation is sufficient. The Court therefore finds that the Motion for Reconsideration is moot as to Second Interrogatory No. 2.

### B.      Plaintiffs' Second Interrogatories No. 3, 4 & 6

The parties have also advised the Court that they have reached an agreement regarding Defendant's responses and objections to Plaintiffs' Second Interrogatories No. 3, 4 and 6. Defendant has agreed to produce documents regarding certain lawsuits that are responsive to these interrogatories and has agreed to do so by June 30, 2005. The parties have agreed that Plaintiffs will retain the right to determine whether these documents are sufficient to answer the interrogatories and will have the right to request Defendant to provide additional information responsive to these interrogatories if Plaintiffs deem the production of these documents unsatisfactory. The parties have further agreed that in the event Plaintiffs should seek such additional information, Defendant will have the right to reassert its Motion for Reconsideration as to the Court's rulings on these interrogatories.

The Court will adopt the parties' agreements. Defendant shall produce the documents regarding the lawsuits on or before **June 30, 2005.** Plaintiffs shall review the documents, and if Plaintiffs find the production unsatisfactory, Plaintiffs shall, within **twenty (20) days** of the production, request the production of additional documents and/or disclosure of additional information responsive to these interrogatories. In the event Plaintiffs make such a timely request, Defendant shall have **five (5) days** thereafter to file a renewed motion for reconsideration as to the Court's rulings on these interrogatories.

### C.     Second Interrogatory No. 5

The parties have not reached any agreement regarding Second Interrogatory No. 5. The Court will therefore determine whether it should reconsider its ruling regarding this interrogatory.

Second Interrogatory No. 5 asks Defendant to:

State whether [Defendant] GMACM received a "qualified written request" from Bryan Holland.     ____ Yes     ____ No

  If "yes", identify:

  a.     the date the "qualified written request" was received
  b.     identify each written response, if any defendant made to the "qualified written request".

Defendant objected on several grounds and did not provide any information in response to this interrogatory. The only objection at issue in the Motion for Reconsideration is Defendant's objection that the interrogatory calls for a legal conclusion. More specifically, Defendant objected "to the extent any response requires GMACM to render a legal conclusion regarding the classification of any request from Bryan Holland as constituting or not constituting a 'qualified written request.'"

Plaintiffs allege that Plaintiff Bryan Holland "made a qualified written request, as defined by RESPA, to the defendant to make appropriate corrections to the account of Bryan Holland."[6] Plaintiffs further allege that Defendant (1) failed to make the appropriate correction to Mr. Holland's account during the time

---

[6]Second Am. Compl. (doc. 84), ¶ 18.

4

period required by RESPA, and (2) provided information regarding an "erroneous overdue payment" to a consumer reporting agency in violation of RESPA.[7]

As the Court's March 7, 2005 Memorandum and Order noted, the Cranston-Gonzales Amendments to RESPA place requirements on servicers of federally related mortgage loans when they receive a "qualified written request" from a borrower.[8] RESPA requires that the servicer provide a written response acknowledging the receipt of a qualified written request within twenty days of receiving the request.[9] The servicer must also do one of three things within sixty days of receiving the qualified written request: (1) correct the borrower's account and inform the borrower of those corrections in writing; (2) investigate and provide a written explanation to the borrower of the reasons that the servicer believes the borrower's account is correct; or (3) investigate and provide a written explanation to the borrower of the reasons that the servicer cannot obtain the information that the borrower is requesting.[10] In addition, during that same sixty-day period the servicer "may not provide information regarding an overdue payment relating to the borrower's letter to a consumer reporting agency."[11] RESPA provides for individual causes of action

---

[7] *Id.*, ¶¶ 19-20.

[8] *Chatman v. Fairbanks Capital Corp.*, No. 02-C-655, 2002 WL 1338492, at *6 (N.D. Ill. June 18, 2002) (citing 12 U.S.C. ¶¶ 2605, *et seq.*).

[9] 12 U.S.C. § 2605(e)(1)(A).

[10] *Johnstone v. Bank of Am., N.A.*, 173 F. Supp. 2d 809, 812 (N.D. Ill. 2001) (citing 12 U.S.C. § 2605(e)(2)).

[11] *Id.* at 812-13.

and allows for actual damages, as well as statutory damages, when the plaintiff shows a pattern or practice of noncompliance with the duty to respond to borrower inquiries.[12]

RESPA defines the term "qualified written request" as:

[A] written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer that—
        (i) includes, or otherwise enables the servicer to identify, the name and account number of the borrower; and
        (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.[13]

In its March 7, 2005 Memorandum and Order the Court overruled Defendant's objection that the interrogatory calls for a legal conclusion, holding that the 1970 amendment to Federal Rule of Civil Procedure 33(c) makes it clear that an interrogatory is not objectionable merely because it calls for a legal conclusion or opinion. Rule 33(c) provides that "[a]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . . ."[14] As the Advisory Committee's Note to the 1970 amendment indicates, "requests for opinions or contentions that call for the application of law to fact . . . can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery."[15] As the note further states, under the 1970 amendment, "interrogatories may not extend to issues of 'pure law,'

---

[12]*See* 12 U.S.C. § 2605(f).

[13]23 U.S.C. § 2605(e)(1)(B).

[14]Fed. R. Civ. P. 33(c).

[15]*Id.*, advisory committee's note to 1970 amendment, 48 F.R.D 487, 524.

6

i.e., legal issues unrelated to the facts of the case."[16] Thus, the only kind of interrogatory that is objectionable on the basis that it calls for a legal conclusion is one that extends to legal issues *unrelated to the facts of the case.*[17]

The Court ruled that the issue of whether Defendant received a "qualified written request" from Plaintiff Bryan Holland is a critical element of Plaintiffs' RESPA violation claim. The Court held that Defendant's answers to the questions of whether it received such a request, when it received any such request, and how it responded, called for the application of RESPA law to the facts of the case and would clearly lead to the discovery of relevant and admissible evidence. The Court also noted that Defendant's answers would narrow and clarify the issues with respect to Plaintiffs' RESPA claim. The Court therefore overruled Defendant's objection that the interrogatory is objectionable because it calls for a legal opinion.

In its Motion for Reconsideration, Defendant argues that the Court has misapprehended the controlling law regarding interrogatories that call for a legal conclusion. Defendant argues that the interrogatory improperly asks Defendant "to express an opinion on an issue" and "to render an ultimate legal conclusion as to whether it ever received a 'qualified written request' from Plaintiff Bryan Holland."[18] Defendant maintains that formulating such a legal opinion would "require[] evaluation of elements

---

[16] *Id.*

[17] 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2167 at p. 247 (2d ed. 1994).

[18] Def.'s Mot. for Recons. (doc. 89) at p. 6.

7

specifically prescribed by statute."[19] Defendant contends that only the finder of fact is in a position to make such an evaluation.

The Court disagrees. Here, the interrogatory seeks information clearly related to the facts of the case. It asks Defendant to determine, *under the particular facts of this case*, whether Defendant ever received a qualified written request from Plaintiff Bryan Holland, and, if it did receive such a request, to provide certain information about the qualified written request and any response Defendant made to it. Indeed, Defendant could not answer this interrogatory without reference to, and examination of, the specific facts of this case. To answer this interrogatory, Defendant would be required to examine its records and determine whether it ever received any written correspondence from Plaintiff Bryan Holland (other than notice on a payment coupon or other payment medium that it had supplied Mr. Holland).[20] Assuming Defendant determined that it had received such correspondence, it would then have to examine the correspondence to determine (1) whether the correspondence included or otherwise enabled Defendant to identify, the name and account number of the borrower (i.e., Plaintiff Bryan Holland), and (2) whether the correspondence included a statement of the reasons for Bryan Holland's belief that the account was in error or provided sufficient detail for Defendant regarding other information sought by Mr. Holland.[21]

Defendant could not make these determinations without first examining the facts and documents of this particular case. After examining those facts and documents, Defendant would then make a legal

---

[19]Reply in Supp. of Def.'s Mot. for Recons. (doc. 97) at p. 5

[20]*See* 23 U.S.C. § 2605(e)(1)(B) (defining the term qualified written request under RESPA).

[21]*See id.*

8

determination as to whether any such correspondence was a qualified written request within the meaning of RESPA.

In light of the above, there is no doubt in the Court's mind that this interrogatory extends beyond issues of "pure law." This interrogatory extends to legal issues that are clearly related to the particular facts of this case. The Court therefore correctly ruled in its March 7, 2005 Memorandum and Order that the interrogatory is not objectionable on the basis that it calls for a legal conclusion. The Court did not misconstrue the controlling law regarding interrogatories that call for a legal conclusion nor did it misapply that law to this case. The Court will therefore deny the Motion for Reconsideration with respect to Second Interrogatory No. 5.

### III.    Sanctions

As the Court is declining to grant reconsideration, the Court's March 7, 2005 ruling regarding sanctions still stands. Defendant and/or its counsel shall show cause, in writing, within **thirty (30) days** of the date of this Order, why the Court should not require either or both of them to pay the reasonable expenses and attorney fees incurred by Plaintiffs in bringing their Second Motion to Compel. Plaintiffs shall have **eleven (11) days** thereafter to file a response thereto, if they so choose. In the event the Court determines that sanctions should be imposed, the Court will issue an order setting forth a schedule for the filing of an affidavit reflecting the amount of fees and expenses that Plaintiffs have incurred, and for the filing of any related briefs.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration is moot as to Second Interrogatories No. 2, 3, 4, and 6.

**IT IS FURTHER ORDERED** that Defendant shall produce documents regarding lawsuits that are responsive to Second Interrogatories No. 3, 4, and 6 on or before **June 30, 2005.** Plaintiffs shall review the documents produced, and if Plaintiffs find the production unsatisfactory, Plaintiffs shall, within **twenty (20) days** of the production, request the production of additional documents and/or disclosure of additional information responsive to these interrogatories. In the event Plaintiffs make such a timely request, Defendant shall have **five (5)** days thereafter to file a renewed motion for reconsideration as to the Court's rulings on Second Interrogatories No. 3, 4, and 6.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration is denied as to Second Interrogatory No. 5.

**IT IS FURTHER ORDERED** that Defendant and/or its counsel shall show cause, in writing, within **thirty (30) days** of the date of filing of this Order, why the Court should not require either or both of them to pay the reasonable expenses and attorney fees incurred by Plaintiffs in making their Second Motion to Compel (doc. 60). Plaintiffs shall have **eleven (11) days** thereafter to respond to Defendant's pleading.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 27th day of May 2005.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties