# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRYAN and TAMARA HOLLAND,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Case No. 03-2666-CM |
| **GMAC MORTGAGE CORPORATION,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

Pending before the court is defendant GMAC Mortgage Corporation's Objections and Motion for Review of Magistrate's Order (Doc. 101).

**I.   Background**

Plaintiffs Bryan and Tamara Holland brought suit against defendant GMAC Mortgage Corporation ("GMAC") on October 8, 2003, in the District Court for the County of Wyandotte, Kansas, the 29th Judicial District. On December 31, 2003, defendant removed the case to this court. On March 7, 2005, Magistrate Judge Waxse granted plaintiffs' Second Motion to Compel Discovery as to, inter alia, plaintiffs' Second Interrogatory No. 5, and directed defendant to serve an amended answer to that interrogatory within twenty-one days of the Order. On March 24, 2005, defendant sought reconsideration of the March 7, 2005 Order, which was denied by Judge Waxse on May 27, 2005. The sole issue before the court is defendant's request for a review of Judge Waxse's ruling regarding plaintiffs' Second Interrogatory No. 5.

**II.     Legal Standards**

With respect to nondispositive matters, Fed. R. Civ. P. 72(a) provides, in pertinent part, that "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order." In addition, Rule 72(a) directs that the "district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous and contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). The "clearly erroneous standard" requires that the court affirm the decision of the magistrate unless "'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

**III.    Analysis**

Defendant's primary argument is that Magistrate Judge Waxse erred in ordering defendant to answer plaintiffs' interrogatory because it requests defendant to render a legal conclusion. The interrogatory at issue states:

> State whether GMACM received a "qualified written request" from Bryan
> 
> Holland.  ___ Yes  ____ No
> 
> > If "yes", identify:
> 
> a. the date the "qualified written request" was received

>
> b. identify each written response, if any, defendant made to the "qualified
>
> written request."

Defendant argues that, because a "qualified written request" is specifically defined by statute, plaintiffs' interrogatory requires defendant to respond regarding an issue of pure law.  Plaintiffs argue that their interrogatory seeks only information which is clearly related to the facts of this case.  Additionally, plaintiffs argue that the issue of whether defendant ever received a "qualified written request" is a critical element of plaintiffs' RESPA claim, and that defendant's response would narrow and clarify the issues with respect to that claim.

A "qualified written request" is defined by statute as a:

> written correspondence, other than a notice on a payment coupon or other
> payment medium supplied by the servicer, that –
>
> (i) includes, or otherwise enables the servicer to identify, the name and
> account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the
> extent applicable, that the account is in error or provides sufficient detail to
> the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

Both parties cite to Federal Rule of Civil Procedure 33 in support of their respective positions. Rule 33 states in pertinent part: "An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact."  The Advisory Committee Notes of the 1970 amendment of Rule 33 give additional guidance, stating:

> [A]n interrogatory is not objectionable merely because it calls for an opinion or
> contention that relates to fact or the application of law to fact.  Efforts to draw

> sharp lines between facts and opinions have invariably been unsuccessful, and the clear trend of the cases is to permit "factual" opinions. As to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery. On the other hand, . . . interrogatories may not extend to issues of "pure law," i.e., legal issues unrelated to the facts of the case.

(internal citations omitted).

Significantly, defendant did not offer any factually on-point or binding authority challenging Judge Waxse's application of Rule 33. The court finds that defendant has not met its burden of establishing that Judge Waxse's ruling is clearly erroneous or contrary to law. In a thorough, detailed analysis, Judge Waxse applied the correct law to the facts of this case. As Judge Waxse noted, plaintiffs' interrogatory asks defendant to apply the statutory definition of a "qualified written request" to the facts at hand, as is permissible pursuant to Rule 33; the interrogatory does not ask defendant to recite issues of pure law. Moreover, defendant's answer would further the major purpose of discovery—narrowing and clarifying the issues for trial. Thus, plaintiffs' request is proper pursuant to Rule 33.

Accordingly, the court denies defendant's request for review. Defendant shall serve an amended answer to plaintiffs' Second Interrogatory No. 5 **within ten (10) days of this Order**.

**IT IS THEREFORE ORDERED** that defendant GMAC Mortgage Corporation's Objections and Motion for Review of Magistrate's Order (Doc. 101) is denied.

**IT IS FURTHER ORDERED** that defendant shall serve an amended answer to plaintiffs' Second Interrogatory No. 5 within ten (10) days of this Order.

**IT IS FURTHER ORDERED** that, pursuant to this court's September 1, 2005 Order (Doc. 121), plaintiffs shall have an additional ten (10) days after receipt of defendant's answer to Second

Interrogatory No. 5 to supplement its Motion for Summary Judgement. Defendant shall then have ten (10) days to respond to plaintiff's supplementation, if any.

**SO ORDERED.**

Dated this 30th day of January 2006, at Kansas City, Kansas.

           **/s Carlos Murguia**
           **CARLOS MURGUIA**
           **United States District Judge**