IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BRYAN and TAMARA HOLLAND,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) Case No. 03-2666-CM |
| **GMAC MORTGAGE CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## MEMORANDUM AND ORDER

Pending before the court is defendant GMAC Mortgage Corporation's Motion to Exclude the Testimony and Opinions of David A. Stivers filed on April 3, 2006 (Doc. 148) and plaintiffs' Motion to Strike Defendant's Motion to Exclude the Testimony of David Stivers (Doc. 150). Mr. Stivers purports to be an expert on the credit evaluation industry.

**I.   Motion to Strike**

Plaintiffs' motion to strike argues that defendant's motion to exclude was filed out of time. The court disagrees. The Pretrial Order clearly states that "all motions to exclude expert witnesses shall be filed by 28 days before trial." Trial was originally set for March 6, 2006, but was changed to May 1, 2006 after the court granted the parties' joint motion to continue trial. Defendant's motion was filed within twenty-eight days of May 1, 2006. Moreover, the court finds that plaintiffs are not prejudiced by the timing of the motion. Plaintiffs' motion to strike is denied.

**II.   Motion to Exclude Standard**

Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Under this rule, the court examines whether the expert is initially qualified to give the opinion proposed and whether the opinion expressed meets the requirements of *Daubert*, in that it "rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993). This evaluation, commonly referred to as the court's "gate-keeping" function, extends not only to scientific testimony, but also to technical and other specialized testimony. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 138 (1999).

The trial court must also determine whether the expert's opinion is "'based on facts that enable the expert to express a reasonably accurate conclusion as opposed to conjecture or speculation [but] absolute certainty is not required.'" *Kieffer v. Weston Land, Inc.*, 90 F.3d 1496, 1499 (10th Cir. 1996) (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 662 (11th Cir. 1988)). "[T]he 'touchstone' of admissibility is helpfulness to the trier of fact." *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 648 (10th Cir. 1991).

To determine reliability, the court may use the flexible *Daubert* test, which includes the following factors: "(1) whether the proffered technique can and has been tested; (2) whether the technique or theory has been subject to peer review; (3) the known or potential rate of error; and (4) the general acceptance of a technique in the relevant community." *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1266 (D.

Kan. 2003) (citing *Kumho Tire Co., Ltd.*, 526 U.S. at 149). The court may also consider other relevant factors, including an expert's qualifications, in determining reliability. *Id.* (citations omitted).

**III.    Analysis**

The court finds, for substantially the same reasons set forth by defendant, that David A. Stivers's testimony would not assist the trier of fact. First, the court finds that Mr. Stivers lacks the education, experience, and knowledge of the credit reporting industry to qualify as an expert in that field. Mr. Stivers does not have any formal education or training in credit evaluation specifically, nor in accounting, mortgage lending, business, credit administration, real estate lending, credit reporting, or consumer credit scoring generally. Mr. Stivers has never worked in the banking, mortgage lending industry, or credit reporting industry.

Plaintiffs acknowledge these points, but argue that Mr. Stivers's practical experience serves as the foundation for his opinions. Mr. Stivers's practical experience consists of selling and financing new and used cars, although he has not worked in that profession since 1992. Between 1974 and 1992, however, Mr. Stivers was involved in over 40,000 credit applications in the automobile industry. Plaintiffs contend that he has also lectured on credit issues, testified on credit issues and damages to credit, attended numerous seminars and appeared in many public forums discussing what he asserts to be the issues in this case.

It appears from Mr. Stivers's CVs that he consults in both the credit evaluation and automobile industries. Comparing both of Mr. Stivers's CVs side-by-side, the court notes that Mr. Stivers's automobile and credit evaluation CVs are strikingly similar. For instance, Mr. Stivers's automobile industry CV includes a heading entitled "Automobile Industry Schools & Seminars," while the same heading in his

-3-

credit evaluation CV is entitled "Credit / Lending Industry Schools & Seminars."  Under both of these headings is a similar list of schools and seminars.  Under another heading, entitled "Automobile Industry Career & Experience" in his automobile industry CV and "Auto Sales & Lending Industry Career & Experience" in his credit evaluation CV, Mr. Stivers includes exactly the same management titles, except that his credit evaluation CV includes two credit-related titles not included in his automobile industry CV: "Credit Evaluation Specialist" and "Credit Bureau Report Analysis."

Plaintiffs argue that an expert's lack of specialization may affect the weight, but not the admissibility, of his testimony in the case, citing to *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1100 (10th Cir. 1991).  *Wheeler* is pre-*Daubert*.  Moreover, Mr. Stivers's lack of specialty is not at issue here; instead, the court is concerned with Mr. Stivers's assertion of specialty in two very broad fields.  The court acknowledges that Mr. Stivers's experience with automobile industry financing included over 40,000 credit applications.  But the court is not convinced that his experience qualifies him as an expert in estimating plaintiffs' damages resulting from defendant's acts of reporting Bryan Holland's credit as delinquent to the credit reporting agencies.  It appears to the court that Mr. Stivers's knowledge and expertise lends itself more toward the automobile industry.  For this reason, as well as the reasons set forth below, the court finds that Mr. Stivers is not qualified to be an expert on the factual or legal issues surrounding this case.

Second, the court finds that Mr. Stivers's opinions are not "based on facts that enable the expert to express a reasonably accurate conclusion."  *Kieffer*, 90 F.3d at 1499.  Mr. Stivers has not met with plaintiffs or reviewed their depositions or interrogatories.  He has no knowledge of and has not reviewed any information about defendant.  And he has no knowledge regarding the specific reasons that various companies have denied Bryan Holland's applications for credit.  Plaintiffs argue that it is not Mr. Stivers's

role to show Bryan Holland's credit status prior to and following defendant's reporting, because this is information that must be proven by plaintiffs at trial. But the court questions how Mr. Stivers could come to any "reasonably accurate conclusion" regarding plaintiffs' damages without these facts. *Id.* In sum, the court believes that the bulk of Mr. Stivers's opinions are based on "conjecture or speculation." *Id.*

Third, Mr. Stivers's opinions are not the product of reliable principles or methods. Mr. Stivers's report cites to few, if any, principles or methods to support his conclusions. One method Mr. Stivers did employ is the "five times earnings" theory, which he used to estimate plaintiffs' damages. He admits, however, that he has never seen this theory published, does not have any data supporting its use, and has never conducted an investigation to verify its results. Plaintiffs argue that this formula has been accepted in other cases, and, citing to *Mitchell v. Gencorp, Inc.*, that plaintiffs are not required to prove that an expert's theory is "generally accepted" in the scientific community. 165 F.3d 778 (10th Cir. 1999). However, "[t]o determine reliability, the court *may* use the flexible *Daubert* test, which includes . . . whether the technique or theory has been subject to peer review [and] . . . the general acceptance of a technique in the relevant community." *Sawyer*, 243 F. Supp. 2d at 1266 (citing *Kumho Tire Co., Ltd.*, 526 U.S. at 149) (emphasis added). While peer review of a theory may not be required for validation of a theory, the court finds that, in combination with the other factors discussed in this Memorandum and Order, the lack of general acceptance indicates a lack of reliability in the "five times earnings" theory.

Finally, the court finds that Mr. Stivers's opinions would not be helpful to the trier of fact. *See Werth*, 950 F.2d at 648. Most of Mr. Stivers's opinions are elementary. For instance, Mr. Stivers's opinions include that the "[i]nherent credit reputation of the plaintiffs has been damaged by GMAC," and that "GMAC . . . management's failure to properly credit monthly payments damages borrowers' credit

ratings." The court finds that a reasonable jury could reach these conclusions on its own. *See BioCore, Inc. v. Khosrowshahi*, 183 F.R.D. 695, 701 (D. Kan. 1998) ("Expert testimony may be deemed not helpful 'when offered to explain an issue or fact that the average person can understand by the use of common knowledge or common sense.'") (quoting 4 Weinstein's Federal Evidence § 702.03 [3] (MB 2d ed.). Thus, Mr. Stivers's opinions, as a whole, would not be helpful to the trier of fact.

For all of the above reasons, the court grants defendant's *Daubert* motion.

**IT IS THEREFORE ORDERED** that defendant GMAC Mortgage Corporation's Motion to Exclude the Testimony and Opinions of David A. Stivers (Doc. 148) is granted, and plaintiffs' Motion to Strike Defendant's Motion to Exclude the Testimony of David Stivers (Doc. 150) is denied.

Dated this 28th day of April 2006, at Kansas City, Kansas.

 **/s Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**